IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY SCHREY, | : |
|     Plaintiff, | :     CIVIL ACTION |
| vs. | :     NO. 09-CV-292 |
| HAROLD LOVETT, | : |
|     Defendant. | : |

**MEMORANDUM AND ORDER**

**Joyner, J.**                                                   **April 22, 2010**

Before the Court is Defendant's Motion for Summary Judgment (Doc. Nos. 13, 15, 16) and Plaintiff's response thereto (Doc. No. 19).

### I. BACKGROUND[1]

Bustleton Landscaping Company, Inc. ("the Company") was created by Harold Lovett and Leslie Schrey, the Defendants, in approximately 1955. The Company established a pension plan ("the Plan") in approximately 1996. Philadelphia Pension Planning Corporation ("PPPC") was retained at that time to perform administrative services for the Plan. At the time that PPPC was

---

[1] In analyzing a motion for summary judgment, we view the record in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. <u>Nicini v. Morra</u>, 212 F.3d 798, 806 (3d Cir. 2000).

1

hired by the Company, Bernard Berger was the principal owner of PPPC. In January 1989, Charleen Ryan became dominant shareholder, president, and chief executive officer of PPPC. In 1991, the Company converted the pension plan to a profit sharing plan. Defendant Lovett was a Trustee of the Plan.

Employees of PPPC maintained records and credited income to the Plan as it was earned, re-invested, paid income into the Plan, and prepared necessary filings regarding the Plan. At some point during the 1990s, Ryan began investing the Plan assets herself. Thereafter, assets were diverted away from the Plan and by approximately 2000 there were no assets in the Plan. Ryan contends that the Plan assets were diverted from the Plan by her then-husband. Ryan knew there were no assets in the Plan by 2000. Ryan concealed loss of Plan assets from the Company and continued to produce records showing that assets were still in the Plan. Until some time in 2005, the Trustees relied upon the reports, accountings, and tax returns generated by PPPC in connection with the Plan. The Company ceased operations in October 2001. Ryan has been indicted in the Eastern District of Pennsylvania for one count of filing a false IRS form on behalf of the Plan. Defendant also filed a civil suit against Ryan and PPPC in 2005.

Plaintiff, Larry Schrey, is a participant in the Plan. He sued the Plan trustees Harold Lovett and Leslie Schrey (now

deceased and no longer a part of this litigation). Plaintiff alleges that Defendant is liable for losses to the Plan caused by Ryan's mismanagement due to his failure to monitor the trust assets.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the non-moving party to "do more than simply show there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the non-moving party bears the burden of persuasion at trial, "the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden." Kaucher v. County of Bucks, 456 F.3d 418, 423 (3d Cir. 2006) (quoting Wetzel v. Tucker, 139 F.3d 380, 383 n. 2 (3d Cir. 1998)).

3

## III. Discussion

**A. Statue of Limitations**

Defendant argues that this action is barred by the statute of limitations. The Employee Retirement Income Security Act ("ERISA") § 413 establishes a combination of limitations provisions which govern breach of fiduciary duty claims. It provides:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of:
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or;
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
> except that in the case of fraud or

4

>concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

28 U.S.C. Section 1113.

"This section thus creates a general six year statute of limitations, shortened to three years in cases where the plaintiff has actual knowledge, and potentially extended to six years from the date of discovery in cases involving fraud or concealment." Kurz v. Philadelphia Elec. Co., 96 F.3d 1544, 1551 (3d Cir. 1996). The fraud or concealment exception to the ERISA statute of limitations on breach of fiduciary duty claims does not apply to claims against ERISA fiduciaries who did not take affirmative steps that prevented plan participants from discovering the alleged breach of duty before the statute of limitations expired. Ranke v. Sanofi-Synthelabo Inc., 436 F.3d 197, 204 (3d Cir. 2006).

The statute of limitations does not bar the instant action. Defendant notes that the theft of Plan funds was complete by 2000 and argues that since this case was not filed until January 21, 2009, it is time barred. The ERISA statue of limitations states that in the case of fraud or concealment, the action must be initiated no later than six years after the date of discovery of a breach or violation. Defendant argues that because he played no role in the concealment or fraud, the extension of the statue

of limitations does not apply.  Defendant is correct.  As many Third Circuit cases have noted, if the defendant has not played a role in the concealment of the breach of fiduciary duty, the fraud or concealment exception does not apply.  <u>See</u> <u>id.</u>  In this case, Ryan, not Defendant, hid the theft of funds; therefore, the fraud or concealment exception does not apply.

However, Defendant's alleged violation did not end when the funds were gone.  Plaintiff is alleging that Defendant breached his fiduciary duty by failing to monitor the trust.  Defendant's failure to monitor trust assets continued even after the trust assets had been stolen.  At the very least, this alleged violation continued until Defendant had actual knowledge of the theft of trust assets some time in 2005.  Under Part 1 of the ERISA statute of limitations, Plaintiff had until some time in 2011 to file suit against Defendant.  Since this case was filed in 2009, it is within the statue of limitations.[2]

**B. Count I - Fiduciary Duty**

Plaintiff claims that Defendant breached his fiduciary duties under ERISA in allowing Plan funds to be misappropriated.

---

[2] It is unclear when Plaintiff received actual knowledge of the disappearance of the trust assets.  Therefore, the Court cannot calculate whether the statue of limitations has run under Part 2 of the statute of limitations.  However, because this is affirmative defense, the defendant has the burden of proving that the statute of limitations has run.  Since Defendant has failed to show that the time for Plaintiff to file suit expired, it would be improper for the Court to grant summary judgment based on the statute of limitations.

6

Plaintiff argues that Defendant failed to perform reasonable diligence in the original selection and appointment of Ryan as fiduciary. Defendant contends that because the profit sharing plan included a clause that allowed the Company to hire non-fiduciaries to exercise fiduciary functions, the trustees were relieved of liability founded upon the acts and omissions of such persons. Defendant further alleges that neither ERISA nor the Plan itself was violated by his actions because he did not have a duty to monitor the Plan. Defendant believes this duty to monitor falls not to the trustees, but to the Company, as it is the plan sponsor.

Plaintiff, however, contends that from 1976 to 2002, Defendant, not the Company, was the Plan Administrator and was responsible for appointing Ryan and therefore responsible for monitoring her performance. Plaintiff notes that the Administrator or the Trustee with the consent of the Administrator may appoint people to perform functions in connection with administration and management of the Plan. Additionally, Plaintiff argues that the Administrator delegated responsibilities to the Trustee in the Trust Agreement.

The Court must deny Defendant's Motion for Summary Judgment as there are still genuine issues of material fact. Under ERISA, trustees are fiduciaries who are bound to administer a benefits plan solely in the interest of plan participants and

beneficiaries.  Defendant, as a trustee, is subject to common-law trustee duties as well as specific duties itemized in ERISA.  29 U.S.C.A. § 1001 et seq.; Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559, 572 (1985).  ERISA provides that a fiduciary is held to a prudent man standard of care.  29 U.S.C. § 1104(a).  A fiduciary must exercise the care, skill, prudence, and diligence that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims.  29 U.S.C. § 1104(a)(1)(B).

With respect to Defendant's obligation as a trustee of the Plan, ERISA provides that "the trustee or trustees shall have exclusive authority and discretion to manage and control the assets of the plan, except to the extent that . . . authority to manage, acquire, dispose of assets of the plan is delegated to one or more investment managers pursuant to section 1102(c)(3) of this title."  29 U.S.C. § 1103.  Where this authority has been delegated, "a fiduciary with respect to a plan shall be liable for breach of fiduciary responsibility of another fiduciary with respect to the same plan . . . (2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach."  29 U.S.C. § 1105(a).  ERISA also provides that if a

fiduciary responsibility is allocated to a non-fiduciary, and the named fiduciary shall not be liable for an act or omission of such person carrying out that responsibility, except to the extent that the named fiduciary violated his duties with respect to the implementation of the allocation or that the named fiduciary would otherwise be liable under ERISA.  29 U.S.C. § 1105(c).

Plaintiff presents evidence that from 1976-2002 Defendant was the appointed Plan Administrator and that it was within this time period that PPPC and Ryan was appointed to act on the Company's behalf in administering the Plan.  Defendant, however, contends that someone else was responsible for appointing PPPC and Ryan to monitor the Plan.  The Court cannot determine what standard of care which Defendant was required to exercise without clarifying who in fact appointed PPPC and Ryan.  Therefore, this case cannot be decided on summary judgment.

**C. Remedies**

The Court will consider whether an equitable remedy is appropriate at the end of the litigation.  At this point, it would be improper for the Court to limit remedies potentially available to Plaintiff.

9

## **IV. Conclusion**

For the reasons set forth in this Memorandum, Defendant's Motion for Summary Judgment is denied.  An appropriate Order follows.